NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1457
(Serial No. 09/432,313)

IN RE JOSEPH BATTISTON

_____

DECIDED:  July 15, 2005

_____

Before MAYER, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Appellant Joseph Battiston ("Battiston") appeals a decision by the United States Patent and Trademark Office ("PTO") Board of Patent Appeals and Interferences ("Board") sustaining the final rejection by the examiner of claims 1-4, 12-14, and 18 of U.S. Patent Application Serial No. 09/432,313 ("Battiston's application") as obvious under 35 U.S.C. § 103 over the prior art.  Ex Parte Battiston, Appeal No. 2004-0331, Paper No. 38 (B.P.A.I. Mar. 31, 2004).  We agree with the Board's conclusion that the claims on appeal are obvious in view of the combined teachings of prior art and affirm the Board's decision.

# I. BACKGROUND

Battiston's application, U.S. Patent Application Serial No. 09/432,313, claims a splash resistant pan for use with a commode to aid elderly or infirmed persons who cannot use a conventional porcelain toilet. The examiner rejected claims 1-4, 12-14, and 18 of Battiston's application as unpatentable for obviousness under 35 U.S.C. § 103 on four separate grounds. Battiston appealed the examiner's rejections to the Board and the examiner withdrew three of the four rejections as redundant in his answer. However, the examiner maintained the rejection of claims 1-4, 12-14, and 18 as obvious in view of the collective teachings of U.S. Patent Nos. 2,500,544 ("Haskins") and 5,343,573 ("Rose"), and the Admitted Prior Art ("APA") in the "Background of the Invention" section of Battiston's application.

Battiston asserted before the Board that claims 1-4 and 12-14 form a claim group directed to a "pan" and that claim 18 forms a claim group directed to a "splash guard pan," but the Board found that Battiston had not presented separate arguments for each of the two alleged groupings. Ex Parte Battiston. Instead, the Board determined that Battiston's claims on appeal are directed to a pan and seat combination with: (1) the pan having a generally rectangular opening that is longer than it is wide; (2) the seat arranged on top of the pan having an elongated opening that corresponds with the opening in the pan; and (3) the sides of the pan extending downwardly from the rim to form a bottom portion, which is displaced rearwardly with respect to the midpoint of the length dimension. The Board concluded that Battiston's appealed claims would stand or fall with representative claim 1:

> A pan for use with a commode, said pan having an upper generally rectangular rim having a front and rear and having an opening

therethrough, said rim having predetermined length and width dimensions, said length dimension being larger than said width dimension and extending from said front to said rear, a seat arranged on top of said rim and having an elongated opening which substantially corresponds to the opening in said rim, said pan further having sides extending downwardly from said rim to form a bottom portion, said bottom portion being displaced rearwardly with respect to the midpoint of said length dimension.

The Board found that the cited art discloses all of the features of representative claim 1. Specifically, the Board decided that Battiston's APA discloses that commode seats were known in the art at the time of the claimed invention to have elongated openings with a length that is longer than the width. The Board further determined that the APA discloses that commode seats having elongated openings configured to be used with pans having elongated openings were also well known in the prior art. It established that Rose also discloses a commode chair having a seat and a pan, wherein the pan and seat have corresponding elongated openings. It also found that Rose's rim defines an elongated opening, which has a length dimension that is longer than its width dimension. The Board found that Rose discloses that the pan has a front surface that extends forward relative to the bottom of the pan, such that the midpoint of the bottom of the pan is offset rearwardly relative to the midpoint of the length of the pan opening. It then concluded that all of the features of the claimed pan and seat combination were disclosed by the APA and Rose except for the generally rectangular shape of the pan opening. However, it resolved that Haskins's disclosure of a pan comprising an upper rim and four planar sides suggests a generally rectangular shape. The Board thus sustained the final rejection by the examiner on March 31, 2004, and this appeal ensued.

This court has jurisdiction over this appeal under 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A. Standard of Review

This court reviews the Board's determination of obviousness under 35 U.S.C. § 103 de novo. In re Woodruff, 919 F.2d 1575, 1577 (Fed. Cir. 1990). Any factual determinations underlying a conclusion of obviousness are reviewed deferentially. In re Dembiczak, 175 F.3d 994, 1000 (Fed. Cir. 1999).

### B. Obviousness

Battiston appeals the Board's decision sustaining the final rejection by the examiner of claims 1-4, 12-14, and 18 of Battiston's application as obvious under 35 U.S.C. § 103 over Rose, Haskins, and the APA. Specifically, Battiston argues that Board applied the incorrect standard of obviousness, misunderstood the structure of the invention, and ignored the separate patentability of claims 2-4, 12-14, and 18.

First, Battiston argues that the Board applied the incorrect standard for obviousness. Particularly, he contends that the Board used impermissible hindsight to combine the cited art and failed to make findings on a motivation to combine the cited art. The Director of the PTO ("Director") responds that the Board applied the correct standard, properly finding that it would be obvious to modify the pan and seat combination of Rose or the APA to have the rectangular opening exemplified by Haskins. We find that substantial evidence supports the Board's finding that a suggestion to combine the references, resulting in a commode configured with a rectangular opening, flows from the ordinary knowledge of one skilled in the art. See In re Rouffet, 149 F.3d 1350, 1355 (Fed. Cir. 1998) (noting that "the suggestion to combine references may flow from the nature of the problem . . . [or] the teachings of

the pertinent references or from the ordinary knowledge of those skilled in the art that certain references are of special importance  in a particular field" (citations omitted)).

Battiston further argues that the Board misapprehended the claimed invention and incorrectly found that the bottom of Rose's pan displaced rearwardly, and that Haskins discloses a square pan opening, not a generally rectangular pan opening. Battiston additionally argues that Rose teaches away from the claimed invention because Rose's pan, although structurally similar to the claimed pan and seat combination, performs a different function.  Battiston submits that the angled front wall and rearward displacement of Rose's pan represents a spout that would induce splashing, whereas the claimed pan and seat combination prevents unwanted splashing.  The Director responds that these matters are purely factual and that the Board correctly found that the bottom of Rose's pan is rearwardly displaced with respect to the midpoint of the length dimension of Rose's pan opening, and that Haskins's pan opening is generally rectangular.  The Director further responds that Rose does not teach away from the claimed invention because Rose expressly discloses that its angled pan wall design, which results in a rearwardly displaced pan bottom, ensures that splashing is "minimized."  The Director argues that Rose thus expressly discloses using the same structure to perform the same function, splash prevention, as the claimed pan and seat combination.  Upon inspection of the drawings in Rose, we find that substantial evidence supports the Board's findings and that Rose does not teach away from the claimed invention.

Finally, Battiston argues that the Board improperly grouped claim 18 with claims 1-4 and 12-14.  He argues that the Board incorrectly found that Battiston had not

separately argued the claims with respect to the rejection maintained by the examiner. The Director responds that the Board correctly selected claim 1 as representative because Battiston did not provide a statement explaining why the claims are separately patentable as to the single rejection. The Director argues that Battiston instead argued each of the original four rejections, not the claims, separately. We conclude that substantial evidence supports the Board's finding that Battiston had not presented separate arguments for each of the two alleged groupings based on the examiner's rejection over the combined disclosures of the APA, Rose and Haskins, and therefore that the Board properly concluded that all claims would stand or fall with representative claim 1. See 37 C.F.R § 1.192(c)(7); In re McDaniel, 293 F.3d 1379, 1383 (Fed. Cir. 2002) (finding that in the absence of a clear statement asserting separate patentability of the claims, "the Board is free to select a single claim from each group of claims subject to a common ground of rejection as representative of all claims in that group and to decide the appeal of that rejection based solely on the selected representative claim").

CONCLUSION

We hold that substantial evidence supports the Board's finding that the claimed pan and seat combination is unpatentable under 35 U.S.C. § 103 over the combined teachings of the APA, and the Rose and Haskins disclosures, and therefore affirm the Board's decision.